IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
**Honorable A. Bruce Campbell**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SCOTT W. BRENNAN and | ) | Case No. 10-16920 ABC |
| NORMA LOUISE BRENNAN | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| CORONA SIERRA COLORADO, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 10-1486 ABC |
| | ) | |
| SCOTT W. BRENNAN and | ) | |
| NORMA LOUISE BRENNAN | ) | |
| | ) | |
| Defendants. | ) | |

**CORRECTED ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT[1]**

THIS MATTER comes before the Court on Plaintiff's Motion for Summary Judgment Against Scott W. Brennan, which was filed on February 7, 2011. Defendants did not file a response. The Court, having reviewed the Motion, the exhibits attached thereto, and the file, and being otherwise advised in the premises, finds and concludes as follows.

**I.    JURISDICTION**

The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334 (a) and (b) and 157(a) and (b)(1). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I), as it relates to the dischargeability of debt.

**II.    BACKGROUND AND PROCEDURAL POSTURE**

Defendants Scott W. Brennan and Norma Louise Brennan ("Mr. Brennan" or "Mrs. Brennan" individually, or "Defendants" collectively) filed for bankruptcy protection under Chapter 7 of the Bankruptcy Code on March 30, 2010. On July 6, 2010, Plaintiff Corona Sierra Colorado, Inc.

---

[1] This Order corrects the language in the last full sentence on page 5 of the Court's March 29, 2011 Order (Docket #22). It is identical in all other respects.

("Corona") filed a Complaint against Defendants asserting a violation of the Colorado Mechanics Lien Trust Fund Statute, COLO. REV. STAT. § 38-22-127, and seeking to establish that a debt owed under that statute is nondischargeable pursuant to 11 U.S.C. § 523(a)(4).  Specifically, Corona alleges that it entered into a subcontract with the Defendants' company, Black Gold Paving Solutions, f/d/b/a Black Gold Asphalt ("Black Gold"), for work associated with a project known as Carl's Jr. Restaurant Project, located at 2901 Colorado Boulevard, Idaho Springs, Colorado 80452 ("the Project").  Corona contends that, though it paid Black Gold for work on the Project, Black Gold did not pay one of its subcontractors, Asphalt Specialties.  Consequently, Asphalt Specialties filed a lien against the Project on February 3, 2010, with the Clerk and Recorder of Clear Creek County, forcing Corona to satisfy the lien.

Defendants filed their Answer, *pro se*, on August 2, 2010.  Therein, they dispute that Mrs. Brennan is a proper party defendant, and deny that Mr. Brennan had the requisite intent to commit civil theft.

On February 7, 2011, Corona filed the instant Motion for Summary Judgment against Scott W. Brennan.  Corona seeks summary judgment, against Mr. Brennan only,[2] on its claim under the trust fund statute and asks that the Court award it treble damages, plus interest and attorney's fees.  Corona also seeks a determination that the judgment is nondischargeable.  For the reasons stated below, the Court grants the motion in part, and denies it in part.

## III.   UNDISPUTED MATERIAL FACTS

1.  Corona is a Colorado corporation in good standing, with its principal place of business at P.O. Box 54, Larkspur, Colorado 80118.  (Compl. ¶ 3; Answer ¶ 3.)

2.  At all times relevant hereto, Black Gold was a Colorado corporation, with a principal place of business at 12365 Dumont Way, Littleton, Colorado 80125.  (Compl. ¶ 5; Answer ¶ 5.)

3.  At all times relevant hereto, Defendants were the sole owners and directors of Black Gold. (Compl. ¶ 6; Answer ¶ 6.)

4.  Mr. Brennan was responsible for the financial affairs of Black Gold.  (Compl. ¶ 7; Answer ¶ 7.)

5.  Mr. Brennan controlled Black Gold's activities, including the receipt and disbursement of funds.  (Compl. ¶ 15; Answer ¶ 15.)

6.  Corona was the general contractor on the Project.  Asphalt Specialties was a subcontractor and supplier to Black Gold on the Project.  (Aff. of Bert Parker, Ex. A to Mot. Summ. J., ¶ 2.)

7.  Corona learned that Black Gold had not paid Asphalt Specialties in full for its work on the

---

[2] Corona seeks summary judgment only against Mr. Brennan, but takes the position that both Defendants were in control of the finances and made decisions about payments to subcontractors and, therefore, are liable under the Mechanics Lien Trust Fund Statute.  (Mot. Summ. J. ¶ 5.)

Project. (Aff. of Bert Parker, Ex. A to Mot. Summ. J., ¶ 3.)

8. Corona paid Black Gold in full for the work performed by Black Gold on the Project. (Aff. of Bert Parker, Ex. A to Mot. Summ. J., ¶ 4.)

9. Asphalt Specialties recorded a Statement of Lien on February 3, 2010, Reception No. 255835 with the Clerk and Recorder's office in Clear Creek County, Colorado, due to the fact that it had not been paid by Black Gold in the amount of $26,537.88. (Aff. of Bert Parker, Ex. A to Mot. Summ. J., ¶ 5.)

10. Corona paid Asphalt Specialties $18,576.52 to release the lien. (Aff. of Bert Parker, Ex. A to Mot. Summ. J., ¶ 6.)

## IV.   SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56 provides that the court "shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a); FED. R. BANKR. P. 7056. A party asserting that a fact cannot be genuinely disputed must support that assertion by "citing to particular parts of the record, including depositions, documents, . . . affidavits or declarations, stipulations . . . , admissions, interrogatory answer, or other materials." FED. R. CIV. P. 56(c)(1)(A). When applying this standard, the court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.* 475 U.S. 574, 106 S.Ct. 1348 (1986); *Wright v. Southwestern Bell Tel. Co.*, 925 F.2d 1288 (10th Cir. 1991). The movant bears the initial burden of establishing that summary judgment is appropriate. *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000); *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 256 (1986).

## V.   DISCUSSION

### A.   Colorado Mechanics Lien Trust Fund Statute Claim

In relevant part, the Colorado Mechanics Lien Trust Fund Statute provides:

> (1) All funds disbursed to any contractor or subcontractor under any building, construction, or remodeling contract or on any construction project shall be held in trust for the payment of the subcontractors, laborer or material suppliers, or laborers who have furnished laborers, materials, services, or labor, who have a lien, or may have a lien, against the property, or who claim, or may claim, against a principal and surety under the provisions of this article and for which such disbursement was made.

COLO. REV. STAT. § 38-22-127. The statute creates a trust sufficient to establish a fiduciary relationship for purposes of 11 U.S.C. § 523(a)(4). *Pritchard Concrete v. Barnes (In re Barnes)*, 377 B.R. 289, 296-97 (Bankr. D. Colo. 2007).

3

On its face, COLO. REV. STAT. § 38-22-127 prescribes that funds are "held in trust" only for "subcontractors, laborer or material suppliers, or laborers who have furnished laborers, materials, services, or labor." The Mechanics Lien Trust Fund Statute has been interpreted, however, to provide standing to a broader class of claimants under certain circumstances. *See Syfrett v. Pullen*, 209 P.3d 1167, 1169 (Colo. Ct. App. 2008), *cert denied. sub nom Pullen v. Syfrett*, Case No. 09SC94, 2009 WL 1587905 (Colo. Jun. 8, 2009)(concluding that homeowner had standing); *Climax Molybdenum Co. v. Specialized Installers, Inc. (In re Specialized Installers)*, 12 B.R. 546, 551 (Bankr. D. Colo. 1981) (property owner had standing); *Stetson Ridge Assocs., Ltd. v. Walker (In re Walker)*, 325 B.R. 598, 602-604 (D. Colo. 2005) (finding standing for property owner and general contractor).

On the undisputed facts of this case, it is particularly appropriate to embrace the expansive notion of standing, beyond the explicit language of the statute, that has been sanctioned by both state and federal appellate courts in Colorado. In this case, Corona has provided evidence that it paid the amounts due to Asphalt Specialties to get it to release its lien on the Project property. Allowing Corona recourse under the Mechanics Lien Trust Fund Statute in these circumstances merely subrogates it to the rights of the subcontractor whom it paid when Black Gold failed to do so. As a subcontractor, Asphalt Specialties is among the identified class for whom "funds shall be held in trust" under the subsection of COLO. REV. STAT. 38-22-127 quoted above. Corona, the general contractor, is not.

### B.  Section 523(a)(4) Claim

In *Antlers Roof-Truss & Builders Supply v. Storie (In re Storie)*, the Bankruptcy Appellate Panel of the Tenth Circuit held that

> "defalcation" under section 523(a)(4) is a fiduciary-debtor's failure to account for funds that have been entrusted to it due to any breach of a fiduciary duty, whether intentional, wilful, reckless, or negligent. Furthermore, the fiduciary-debtor is charged with knowledge of the law and its duties. Once a creditor objecting to the dischargeability of a debt under section 523(a)(4) has met its burden of showing that the debtor is a fiduciary and that its debt has arisen because the debtor-fiduciary has not paid the creditor funds entrusted to it . . . the burden then shifts to the debtor-fiduciary to render an accounting to show that it complied with its fiduciary duties.

216 B.R. 283, 288 (10th Cir. BAP 1997)**.**

Here, Corona has met its burden of showing that Mr. Brennan, as the person in control of the funds of Black Gold, was a fiduciary under the Mechanics Lien Trust Fund Statute. *See Floor Design Assocs., Inc. v. Novick*, 923 P.3d 216, 221 (Colo. Ct. App. 1996)(finding corporate vice president personally liable under statute where vice president made corporation's financial decisions and controlled its finance); *Alexander Co. v. Packard*, 754 P.2d 780, 782 (Colo. Ct. App. 1988)(finding vice president and sole financial officer of construction corporation personally liable under statute); *Pritchard Concrete, Inc. v. Barnes (In re Barnes)* 377 B.R. 289, 298 (Bankr. D. Colo. 2007) (individual in complete control of funds is liable for violation of statute). Mr. Brennan failed to

comply with his obligation to account for funds as required by the statute and, therefore, with his burden of showing that he complied with his fiduciary duties. Such defalcation while acting in a fiduciary capacity renders the $18,576.52 debt owed by Mr. Brennan's company to Corona nondischargeable pursuant to 11 U.S.C. § 523(a)(4).

### C. Treble Damages and Attorneys' Fees Under Colo. Rev. Stat. § 18-4-405

The Mechanics Lien Trust Fund Statute provides that any person who violates the trust commits theft, as defined in section 18-4-401 of the Colorado Revised Statutes. COLO. REV. STAT. § 38-22-127(5). Further, the Rights in Stolen Property Statute provides:

> All property obtained by theft . . . shall be restored to the owner . . . . The owner may maintain an action not only against the taker thereof but also against any person in whose possession he finds the property. In any such action, the owner may recover two hundred dollars or three times the amount of the actual damages sustained by him, whichever is greater, and may also recover costs of the action and reasonable attorney fees. . . .

COLO. REV. STAT. § 18-4-405.

In *Itin v. Ungar*, 17 P.3d 129 (Colo. 2000), the Colorado Supreme Court stated that the Rights in Stolen Property statute "provides for a private civil remedy enabling the owner of stolen property to recover the property . . . and to recover treble damages, costs, and fees if the taker commits one of the following *criminal acts*: theft, robbery, or burglary." *Id.* at 133 (emphasis added). Under *Itin*, all of the statutory elements of criminal theft, as set forth COLO. REV. STAT. § 18-4-401,[3] must be proved in order for the victim to recover under the Rights in Stolen Property Statute." *Barnes,* 377 B.R. at 300. In this case, though Corona shows Mr. Brennan's lack of payment, this does not suffice to establish theft under the Rights in Stolen Property Statute. To establish a right to treble damages and attorneys' fees under that statute, Corona must provide evidence of a specific violation of the Civil Theft Statute

---

[3] The elements of criminal theft are set forth in COLO. REV. STAT. § 18-4-401 as follows:

(1) A person commits theft when he knowingly obtains or exercises control over anything of value of another without authorization, or by threat or deception, and:

(a) Intends to deprive the other person permanently of the use or benefit of the thing of value; or

(b) Knowingly uses, conceals, or abandons the thing of value in such manner as to deprive the other person permanently of its use or benefit; or

(c) Uses, conceals, or abandons the thing of value intending that such use, concealment, or abandonment will deprive the other person permanently or its use and benefit; or

(d) Demands any consideration to which he is not legally entitled as a condition of restoring the thing of value to the other person.

arising from Mr. Brennan's use of trust funds. *People v. Anderson*, 773 P.2d 542, 545 (Colo. 1989); *Barnes*, 377 B.R. at 301. As Corona has failed to do so, the Court cannot grant summary judgment on Corona's claims under the Rights in Stolen Property Statute.

## VI. CONCLUSION

Based on the foregoing, it is

ORDERED that Plaintiff Corona Sierra Colorado, Inc.'s Motion for Summary Judgment is GRANTED in part and DENIED in part. It is

GRANTED to the extent that it seeks summary judgment on Corona Sierra Colorado, Inc.'s claim that the $18,576.52 debt owed by Mr. Brennan to Corona for his violation of the Colorado Mechanics Lien Trust Fund Statute, COLO. REV. STAT. § 38-22-127, is nondischargeable pursuant to 11 U.S.C. § 523(a)(4). It is

DENIED to the extent that it seeks summary judgment on Corona Sierra Colorado, Inc.'s claim for treble damages and attorneys' fees pursuant to Colorado's Rights in Stolen Property Statute, COLO. REV. STAT. § 18-4-405.

DATED: April 14, 2011                 BY THE COURT

A. Bruce Campbell,
United States Bankruptcy Judge